THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* TORE KINDSTROM, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, July 2, 1934.

*Nathaniel H. Kramer,* for the appellant.

*William F. X. Geoghan, District Attorney [Harry Walsh* of counsel], for the respondent.

SOLOMON, J. The defendant was charged with a violation of section 722, subdivision 1, of the Penal Law, in that he did on the 27th day of March, 1934, at 345 Third street, county of Kings, city of New York, unlawfully and with intent to provoke a breach of the peace, annoy and disturb complainant by following her into the vestibule of her home.

On March 28, 1934, after hearing the People's case, the defendant offered no testimony and moved to dismiss the complaint,

which motion was denied. The defendant rested. The court found the defendant guilty and after some preliminary examination sentenced the defendant to six months in the workhouse. The defendant asked that sentence be deferred for forty-eight hours. The magistrate refused to defer sentence and imposed sentence as heretofore stated. From this judgment of conviction the defendant appeals. The defendant contends, *first*, that the complaint does not state a crime; *second*, that the judgment of conviction was against the weight of evidence; *third*, that the denial by the magistrate to defer sentence for forty-eight hours at the request of the defendant was error and that the magistrate was without power to sentence the defendant on the day of conviction where such application for delay is made by the defendant; and *fourth*, that the term fixed was excessive.

The allegations contained in the complaint do state a crime and the uncontradicted testimony adduced by the People on the trial had before the magistrate justified the magistrate in rendering the judgment of conviction. As to the sentence imposed being excessive, we do not feel justified in modifying the judgment rendered. The magistrate before whom the case was tried not only heard the testimony but had occasion to observe the defendant's demeanor, and knew that the complainant herein was a girl of thirteen years of age and no doubt felt that the defendant was a menace to the community. There is nothing before this court that will justify us in disturbing that opinion. The defendant contends that the magistrate was without power to sentence the defendant upon the day of conviction, the defendant having made an application for delay of forty-eight hours before sentence should be imposed, and the defendant relies upon section 472 of the Code of Criminal Procedure which provides as follows: " The time appointed must be at least two days after the verdict, if the court intend to remain in session so long, or if not, as remote a time as can reasonably be allowed; but any delay may be waived by the defendant."

We hold that the section of the Code of Criminal Procedure referred to does not apply to the Magistrate's Court. Section 153 of the Inferior Criminal Courts Act does apply to the Magistrate's Court and provides as follows: " After a conviction or a plea of guilty, any magistrate sitting as such or as a court of special sessions may remand the defendant or admit him to bail for a period not to exceed five days for investigation before pronouncing sentence."

By the terms of section 153 of the Inferior Criminal Courts Act the magistrate may remand the defendant. While we believe that it is more desirable, in the interest of justice, where an applica-

tion has been made to defer sentence until an investigation has been had, such application should be granted, nothing contained therein provides that he must defer sentence. For that reason we cannot hold as a matter of law that the sentence imposed was illegal.

Judgment affirmed.

VOORHEES, J., concurs; McINERNEY, J., dissents, with memorandum.

McINERNEY, J. (dissenting). I do not agree with my associates. Where a defendant requests an investigation before sentence, I believe the law intended he should have it.

I vote to set aside the sentence imposed and send the case back for such investigation.